```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
CYNTHIA MONTERROSO,                                          :
                                      Plaintiff,             :
                                                             :       22 Civ. 7142 (LGS)
                        -against-                            :
                                                             :              ORDER
CITY OF NEW YORK, et al.,                                    :
                                      Defendants.            :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the January 31, 2024, Opinion and Order granted Defendants' motion to dismiss.  Plaintiff was permitted to seek leave to amend her complaint and provide any supplemental factual allegations that would remedy the deficiencies in her Americans with Disabilities Act ("ADA"), Rehabilitation Act, Fair Housing Act ("FHA"), New York State Human Rights Law and Equal Protection claims identified in the Opinion.  Plaintiff was instructed to offer only additional allegations not already stated that would support the claims.

WHEREAS, on March 14, 2024, Plaintiff filed a letter motion for leave to amend.  Although styled as a Second Amended Complaint ("SAC") on ECF, the Court construes the filing as a motion for leave to amend.  Plaintiff's motion states that several points of contention in this dispute have been resolved since the filing of the First Amended Complaint.  These include resolution of the violated variance, the liens and the Final Certificate of Occupancy.  The motion states that Plaintiff has moved into the home, but that issues remain.  On March 21, 2024, Defendants filed a letter opposing Plaintiff's motion for leave to amend.

WHEREAS, Federal Rule of Civil Procedure 15(a)(2) provides that, if a party does not amend its Complaint once as a matter of course within 21 days after service of a motion under

Rule 12(b), it "may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Denial of leave to amend is proper if amendment would be futile. *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024).

WHEREAS, to state a sufficient ADA or Rehabilitation Act claim, the supplemental filing would need to contain allegations that, if true, would show that Plaintiff was discriminated against *because of* her disability, not just that she was provided housing that was inadequate in light of her disability. *See Tardif v. City of New York,* 991 F.3d 394, 405 (2d Cir. 2021). The supplemental allegations do not do this. The letter motion details several problems with the home, including gravel in the yard, issues with kitchen and bathroom appliances and a defective heating system. But the supplemental allegations do not provide any basis to infer that these defects or Defendants' refusal to remedy them are because of "rules that hurt people with disabilities *by reason of their handicap*, rather than hurt them solely by virtue of what they have in common with other people." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003). The allegations include numerous citations to provisions of the 2010 ADA Standards for Accessible Design. These standards set requirements for government facilities, places of public accommodation and commercial facilities, not for the design of private homes. *See, e.g.*, *Antolini v. McCloskey*, No. 19 Civ. 09038, 2022 WL 2763367, at *2 (S.D.N.Y. May 10, 2022) ("These standards clarify the obligations of those businesses operating places of public accommodation."). The supplemental allegations do not provide a sufficient basis for an amended ADA or Rehabilitation Act claim.

WHEREAS, to state a sufficient FHA claim for failure to accommodate, the allegations must state each requested accommodation and describe when and how it was requested. *Olsen v.*

*Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *accord Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012) (stating that a plaintiff must give the defendant "an opportunity to accommodate her," meaning that the "defendants must have had an idea of what accommodation [was] sought prior to their incurring liability for failing affirmatively to grant a reasonable accommodation."). The claim must also allege facts showing that the accommodation is reasonable, particularly as compared with any alternative accommodation proposed by Defendants. *Olsen*, 759 F.3d at 156. The SAC does not describe each requested accommodation, state when those requests were made or offer facts showing that each accommodation is reasonable. The supplemental allegations do not contain a sufficient legal basis for an amended FHA claim.

WHEREAS, to state a sufficient equal protection claim under a "class of one" theory, the supplemental allegations would need to identify specific comparators against whom Plaintiff intends to contrast her situation and explain with specificity how their circumstances are identical. *See Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). The supplemental allegations do not do this, instead stating in conclusory fashion that other applicants were offered design and appliance choices that Plaintiff was not. The SAC states that Plaintiff learned of this when she met with other applicants during her meetings at the Build It Back offices. But the SAC's allegations do not identify any particular applicant with specificity, nor do they describe how those applicants had circumstances that were substantially identical to Plaintiff's. There is not a legally sufficient basis for an amended Equal Protection Clause claim. It is hereby

**ORDERED** that Plaintiff's request for leave to amend the Complaint is DENIED as futile. The Clerk of Court is respectfully directed to close this case.

Dated: March 22, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**